UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT, HARTFORD DIVISION

IN RE:

JOSEPH STEPHEN ELDER
    Debtor

                                                             CASE NO: 12-22771
                                                             CHAPTER 7

WESLEY SPEARS
    Plaintiff
V.

JOSEPH STEPHEN ELDER                    Adversary Proceeding No. 13-02016
    Defendant

                                                             September 30, 2013

## MOTION FOR PROTECTIVE ORDER

      The plaintiff in the above matter, pursuant to Federal Rules of Civil Procedure Section 26 by virtue of Bankruptcy Rule 26, hereby moves for a protective order against the discovery propounded by the defendant Joseph S. Elder.

      The undersigned advised Attorney Elder of the undersigned position that the discovery, having already been attempted at the Superior Court in the disposition of *Spears v Elder* CV 11 6019331-S whereby the court, in the context of plaintiff's objections therein to all discovery matters on the grounds they were efforts by the defendant to re-litigate the underlying case, or to delve into his personal financial information such as tax returns, business records, bank accounts etc., denied the defendant's motion to compel and thereby allowed plaintiff to proceed to judgment as a matter of law.

      Defendant is attempting the same thing in this proceeding.  Plaintiff submits that all of which requests are egregiously improper,  none of which does plaintiff intend to respond in the absence of a court order, and none of which remotely raise an issue of material fact with respect to defendant's legal liability in this case.  Said discovery is not admissible at the trial nor is it reasonably calculated to lead to the discovery of admissible evidence.   Said discovery unreasonably cumulative and duplicative, by virtue of past thwarted efforts of defendant, in derogation of FRCP Rule 26(b)(2)(c), and is designed, as consistent with defendant's prior pattern of discovery at the trial level, to annoy and embarrass the plaintiff.   Indeed, the admissions requested reflect continued and ongoing efforts of the defendant to defame the plaintiff, in derogation of Bankruptcy Rule 9018, which is the very conduct that got him here in the first place.

Plaintiff contacted the defendant via email on September 26, 2013 in an effort to resolve its claim re: discovery and requested to be contacted by the close of business of September 30, 2013.  As of October 3, 2013 there has been no such contact

WHEREFORE, the plaintiff prays that the court, pursuant to FRCP Rule 26(c ) enter an order consistent with subdivision (1)(A) forbidding the disclosure or discovery

                PLAINTIFF
                WESLEY SPEARS

                /s/Kevin J. Burns_____
                Kevin J. Burns, Esq.
                81 South Main Street
                West Hartford, CT  06107
                (860) 561-1036
                Juris #CT 03075
                kburns@cbhplaw.com