UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

FILED
2013 OCT -9 PM 2: 36

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD

In re: Joseph Stephen Elder         Chapter 7
   Debtor(s)                Case No. 12-22771

| | |
|---|---|
| Wesley Spears,<br> *Plaintiff* | : |
| v. | :   Adversary Proceeding 13-02016 |
| JOSEPH STEPHEN ELDER,<br> *Defendant* | :   October 9, 2013 |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

The defendant petitions this honorable court to deny the plaintiff's Motion for Protective Order requested via discovery since the material sought in the discovery requests is necessary to support the defendant's defense.

The plaintiff brought this adversarial proceeding in the nature of fraud, pursuant to 11 USC Sections 523(a)(4) and 523(a)(6), asserting that a state court judgment--the judgment which resulted in the instant petition against the defendant--establishes that the defendant committed wilful and malicious fraud against the plaintiff, in a fiduciary capacity, which, the plaintiff asserts, formed the basis of a state court judgment and which, he asserts, was affirmed by the Connecticut appellate courts. In support of his motion for protective order, the plaintiff attaches the decisions of the State appellate and supreme courts in affirming the decision of the trial court. In particular, the plaintiff's objection asserts that the defendant seeks "...to delve into [the plaintiff's] personal financial information such as tax returns, business records, bank accounts etc...to annoy

1

and embarass the plaintiff. Indeed, the admissions requested reflect continued and ongoing efforts of the defendant to defame the plaintiff, in derogation of Bankruptcy Rule 9018, which is the very conduct that got him here in the first place."

The plaintiff's assertions regarding the defendant's discovery requests are false. The discovery seeks no tax returns, business records or bank accounts. It merely seeks to confirm that the plaintiff, during trial and prior discovery, asserted that he suffered no ascertainable monetary losses whatsoever, at the hands of the defendant.

The issue raised by the appellate court, sua sponte, was whether the defendant's appeal of the superior court judgment was procedurally blocked by the appellate court's invocation of the "General Verdict Rule, [hereinafter, GVR]." Under the terms of the GVR, the court will not address an appeal on an issue where there existed independant grounds upon which the jury could have rendered a plaintiff's verdict which was not addressed in the appeal.

In the appellate decision, the court found that there were two (2) possible bases by which the jury could have rendered a verdict against the plaintiff, to wit, fraud and defamation. Consequently, inasmuch as the defendant, in his appeal solely addressed the issue of defamation, and not fraud, the court addressed no issues raised in the defendant's appeal. The plaintiff presents no authority to support the proposition that this court is bound by the GVR. As such, the plaintiff's reliance on the connecticut appellate court holding in Spears v. Elder, to support the proposition asserted by the plaintiff in his Motion for Protective Order, simply lacks merit.

2

Moreover, the Connecticut Supreme Court declined to take up the issue of whether it was time to re-visit the issue of connecticut's adherence to the GVR, even though it remains one of only a few states to continue to hold fast to the rule. Finally, perhaps the only significance of the appellate decision to this proceeding lies in dicta, where the court noted that the plaintiff suffered no financial loss as a result of the actions of the defendant in regard to the issue of defamation. That same fact, however, if considered in light of the fraud claim, would have completely negated the plaintiff's fraud claim, since financial loss is a necessary element to prove fraud.

For all the foregoing reasons, the defendant respectfull requests that this court deny the plaintiff's motion for protective order and order the plaintiff to comply with discovery, forthwith.

THE DEFENDANT,
JOSEPH S. ELDER

By: _____
Joseph S. Elder
661 Wethersfield Avenue
Hartford, CT 06114
Tel. (860) 296-3247
Federal Bar #ct01518
Email: jselderesq@msn.com

### CERTIFICATION

THIS IS TO CERTIFY that on the 9th day of October, 2013, a true and accurate copy of the foregoing Objection to Motion for Protective Order was served by mail on the counsel for the plaintiff by general mail.

Kevin J. Burns
Cohen, Burns, Hard & Paul
81 South Main Street
West Hartford, CT 06107

                                                        */s/ Joseph S. Elder*
Joseph S. Elder
661 Wethersfield Avenue
Hartford, CT 06114
Tel. (860) 296-3247
Federal Bar #ct01518
Email: jselderesq@msn.com

4