UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO. 12-22771 (ASD) |
| JOSEPH STEPHEN ELDER, | CHAPTER 7 |
| DEBTOR. | |
| WESLEY SPEARS, | |
| PLAINTIFF, | ADV. PRO. NO. 13-02016 |
| v. | RE: ECF NO. 21 |
| JOSEPH STEPHEN ELDER, | |
| DEFENDANT. | |

**BRIEF MEMORANDUM ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Presently before the Court is the Plaintiff's *Motion for Summary Judgment* (hereinafter, the "Motion"), ECF No. 21, to which the Debtor filed his *Defendant's Objection to Plaintiff's Motion for Summary Judgment,* ECF No. 23.[1] For the reasons set forth hereinafter, the Motion shall be denied.

**II. BACKGROUND**

Both the Plaintiff and the Debtor are attorneys licensed to practice law in the State of Connecticut. Following a series of incidents that occurred in 2006, the Plaintiff brought

---

[1]The Defendant also filed a *Defendant's Supplemental Memorandum of Law in Opposition to Motion for Summary Judgment, ECF No.* 35, to which the Plaintiff responded by filing the *Plaintiff's Reply to Defendant's Memorandum in Opposition to Motion for Summary Judgement*, ECF No. 36.

an action against the Debtor in the Superior Court for the State of Connecticut (hereinafter, the "State Court Action") seeking to recover damages for, *inter alia*, defamation and fraud. Following a trial by jury, the jury returned a general verdict in favor of the Plaintiff, and the Superior Court entered judgment (hereinafter, the "Judgment") in accordance therewith. The Judgment was affirmed by the Connecticut Appellate Court, *Spears v Elder,* 124 Conn. App. 280 (2010), *cert. denied,* 299 Conn. 913 (2010).

The Debtor commenced the captioned bankruptcy case by filing a petition under Chapter 7 of the Bankruptcy Code on November 21, 2012 and received a discharge on February 22, 2013. The Plaintiff commenced the captioned adversary proceeding on April 21, 2013 by filing a complaint (hereinafter, the "Complaint") seeking a determination that the Judgment debt is excepted from the Debtor's discharge under §523(a)(4) (debt for fraud by a fiduciary) (Count One) and (6) (debt for wilful and malicious injury) (Count Two).

### III. DISCUSSION

*A    Summary Judgment Standards*.

Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056 states, in relevant part:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

*B.    Collateral Estoppel*.

The Plaintiff's singular argument in support of the Motion is that the doctrine of collateral estoppel precludes litigation in this adversary proceeding as all facts material to

2

this proceeding were determined in the State Court Action, and, therefore, he is entitled to judgment in this proceeding as a matter of law.

It is settled that collateral estoppel, also known as issue preclusion, is applicable in dischargeability proceedings, *Grogan v. Garner*, 498 U.S. 279, 284 (1991), that parties may invoke collateral estoppel to preclude relitigation of the elements necessary to meet a §523(a) exception, *id.* at 285 n. 11, and that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896 (1984).

However, the Connecticut Supreme Court has held, "that a general verdict is not entitled to collateral estoppel effect where, as here, there is no way to ascertain the precise basis of the jury's determination in a prior adjudication." *Dowling v. Finley Associates, Inc.*, 248 Conn. 364, 377 (1999). Thus, the Judgment upon which the Plaintiff relies, having been entered pursuant to such a general verdict, and in a manner which precludes this Court from determining that the jury in the State Court Action made the precise factual findings at issue in this adversary proceeding, is not entitled to preclusive effect in this adversary proceeding. Consequently, there remain genuine issues of material fact to be determined by this Court at trial, making summary judgment inappropriate.

### IV. CONCLUSION AND ORDER

In accordance with the foregoing discussion, the Court finds that there remain in this proceeding genuine issues of material fact and that Plaintiff is not entitled to judgment as a matter of law, in accordance with which:

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Summary Judgment* is **DENIED**; and

**IT IS FURTHER ORDERED** that trial in the captioned adversary proceeding shall be held on Monday, June 3, 2014 at 10:00 AM.

Dated: February 7, 2014                                          BY THE COURT

                                                                  Albert S. Dabrowski
                                                                  Chief United States Bankruptcy Judge