UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: <br> JOSEPH STEPHEN ELDER, <br> DEBTOR, | CASE NO. 12-227771 (ASD) <br> CHAPTER 7 |
| WESLEY SPEARS <br> PLAINTIFF, <br> V. <br> JOSEPH STEPHEN ELDER, <br> DEFENDANT. | ADV. PRO. NO. 13-02016 <br><br> APRIL 21, 2014 |

## MOTION FOR CONTEMPT

Joseph Stephen Elder, the Defendant in the above-captioned adversarial proceeding and the debtor in the underlying bankruptcy case (hereinafter referred to as the Defendant), requests that the bankruptcy court exercise its contempt power under 11 U.S.C. § 105, and moves that the Plaintiff, Wesley Spears, and his counsel, Attorney Kevin J. Burns of the law firm Cohen, Burns & Hard & Paul, 81 South Main Street, West Hartford, CT 06107, be adjudicated in contempt of court, ordered to pay compensation to the Defendant for losses and harm incurred, and otherwise punished according to law, for their repeated violations of the permanent discharge injunction made operative

by 11 U.S.C. §524(a)(2), triggered in the present case by the entry of the February 22, 2013 discharge in bankruptcy.

## BACKGROUND

The Plaintiff in the above-captioned adversary proceeding, Wesley Spears, hereinafter referred to as Spears, is the plaintiff in a civil action brought against the Defendant in the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, bearing docket number CV11-6019331S. That case is a self-described property foreclosure action originally filed on February 28, 2011, Spears foreclosing a judgment lien resulting from a verdict in a prior 2006 civil case wherein he was awarded $73,000 in money damages.

On November 21, 2012 the Defendant filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court at Hartford and his case was assigned the first captioned number. He received a discharge on February 22, 2013 subsequent to the bankruptcy trustee's report of no distribution.

Spears' is challenging the dischargeability of the subject debt as is evidenced by his filing and prosecution of the above-captioned adversarial proceeding.

## STATEMENT OF RELEVANT FACTS

The Defendant represents the following:

1. Among Spears' claims for relief in the state court foreclosure action is one for a deficiency judgment (see page 6 of the complaint, attached hereto and

marked Exhibit A). Spears has never withdrawn this claim and it has been pending throughout the case; and further note Defendant's highlighted name.

2. A judgment of strict foreclosure was entered by the Superior Court (Bright, J.) on September 4, 2012.

3. On November 21, 2012 the Defendant filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court at Hartford.

4. As a consequence of the filing, the automatic stay mandated by 11 U.S.SC. § 362 issued and the strict foreclosure action was stayed.

5. On February 5, 2013 the bankruptcy trustee (O'Neill) filed a report of no distribution, having decided to abandon any claim to the petitioner's real property valued at $200,000 (without deducting any secured claims which included the first mortgage, the subject nonconsensual judgment lien and the debtor's $75,000 homestead exemption), having determined the claims to be discharged totaled $338,020, including the debt due to Spears, and having concluded that there was no property available for distribution from the estate over and above that exempted by law.

6. On February 11, 2013 Spears filed a Motion to Extend Time to file a complaint to discharge, acting by counsel.

7. On February 22, 2013 an order of discharge was entered by the Bankruptcy Court, triggering a permanent stay or injunction against the continuation of an action to collect any of the debtor's listed obligations as a personal liability of the debtor, pursuant to the directive of 11 U.S.C. § 524(a)(2), this permanent

injunction replacing and/or supplementing the temporary automatic stay mandated by 11 U.S.C. § 362.

8. On February 28, 2013 the Bankruptcy Court granted Spears' motion to extend, allowing him until March 17, 2013 to file an adversary complaint to discharge.

9. Not having prepared such a complaint, on March 14, 2013 Spears, acting by counsel, filed a second request to extend time to object to discharge.

10. On April 4, 2013 the Bankruptcy Court granted Spears' second request for an extension of time, allowing him until April 22, 2013 to file any such complaint.

11. On April 21, 2013 Spears filed a two count adversary complaint in the Bankruptcy Court, assigned docket number 13-02016, complaining that his debt was not subject to discharge by virtue of U.S.C. §§ 523(a)(4) and 524(a)(6).

12. On August 6, 2013 Spears, acting by his counsel, Kevin Burns, continued his action against Joseph Elder in the above-captioned foreclosure action by securing additional court orders and a judgment of foreclosure by sale.

13. Among the orders sought and secured was one for attorneys' fees in the amount of $19,620 (a copy of the attorney's bill filed in support of such claim being attached hereto and marked Exhibit B).

14. A portion of the Spear's claimed attorneys fees was incurred in pursuing the Defendant in the Bankruptcy Court's adversarial proceeding, the sole intent and purpose of which is to hold Defendant personally liable for the prepetition debt claimed by Spears, the only goal in the Bankruptcy Court being to

prevent the discharge of the claimed debt, and the inclusion of the claim for attorney's fees incurred in the adversarial bankruptcy proceeding in the state foreclosure case was in clear violation of 11 U.S.C. § 524(a)(2). Any redemption by the Defendant would have required him to pay such fees as a condition of retaining ownership of his residence.

15. The request for attorneys' fees and similar expenses were made in connection with intending to hold the defendant personally liable for the debt sued upon, rather than limiting the process to a proceeding *in rem* against the defendant's equity, there being no reason to add additional expenses and costs to the claim unless a deficiency judgment was the goal, the gross value of the property being less than the total of the mortgage ($45,000+/-), the defendant's homestead exemption ($75,000) and the debt ($106,000+/- principal and interest) claimed by the plaintiff (being the reason why the bankruptcy trustee abandoned any claim to the real property when these sums alone add up to in excess of $221,000).

16. The Superior Court did not recognize, acknowledge and adjudicate the Defendant's homestead exemption ($75,000) at the time it entered its judgment of foreclosure by sale, despite the Defendant's request; stating that it would deal with the subject later at the time of the entry of a supplemental judgment. See Exhibit C, annexed hereto.

17. The Defendant was, consequently, placed in a precarious financial situation: his creditor continued to pursue him personally and declined to recognize the homestead exemption to which he is entitled by Connecticut statute; thereby

severely impairing his ability to raise capital and save his home in the foreclosure process. The bankruptcy trustee had previously acknowledged and approved the exemption claim when he rendered his report of no distribution.

18. Spears was the successful bidder at the subject foreclosure sale, and entered into a contract with the court appointed committee to buy the Defendant's home for $100,000. The sale was approved by the Superior Court on February 24, 2014. A copy of the committee's agreement to sell is attached and marked Exhibit D.

19. Although required by Standing Orders of the Superior Court, and by the trial court itself, to file a motion for supplemental judgment with all required affidavits for distribution of the purchase price within 30 days of February 24, 2014, Spears failed to do so.

20. On April 3, 2014 Spears filed a motion for partial supplemental judgment only; seeking to release only fees due the committee and requesting the court to hold the balance "subject to further proceedings." In this highly unorthodox and unsanctioned manner, Spears and his counsel persist in their undisguised efforts to both compromise the Defendant's statutory homestead exemption and to subject the Defendant's personal assets to their pre-bankruptcy petition debt. A copy is annexed and marked Exhibit E.

21. On April 10, 2014 the Superior Court entered various orders in the state foreclosure case; noting that Spears' deficiency judgment claim was "pending the outcome of the adversarial proceeding in bankruptcy court testing the

dischargeability of the subject judgment lien." Clearly, the Superior Court is fully cognizant of Spears' intentions and motives in the foreclosure action; including the belated filing of a motion for partial supplemental judgment; all part of an effort to postpone and delay while awaiting the outcome of the above-captioned adversarial proceeding. The effort is misguided, in any event, in that regardless of that outcome, the Defendant's homestead exemption is inviolable. The very pattern of Spears' conduct reveals a clear intent to ignore the injunctive mandate of 11 U.S.C. § 524(a)(2).

22. The plaintiff never abandoned or waived his claim to pursue the defendant personally or filed any certification of his intent to proceed *in rem* only in the subject case.

23. Rather, the plaintiff intensified his two-pronged effort to collect the claimed debt from the defendant's personal assets by actions in the Bankruptcy Court, including the filing of a Motion for Protective Order on September 23, 2013.

24. The active pursuit of the pending foreclosure by sale, twinned and bound at the hip with the pending adversary bankruptcy proceeding, is in direct violation of the permanent injunction which issued automatically by the entry of the discharge on February 22, 2013.

# ARGUMENT

Section 524(a)(2) provides that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Bankruptcy courts have regularly exercised their contempt power under 11 U.S.C. § 105 in order to remedy violations of the discharge injunction. See, e.g., In re Close, 2003 WL 22697825 at *10; In re Beck, 272 B.R. 112, 126 (Bankr. E.D.Pa.2002); In re Continental Airlines, Inc., 236 B.R. 318 (Bankr.D.Del.1999); accord, In re Feldmeier, 335 B.R. 807, 811-812 (Bankr.D.Or.2005); In re Gervin, 337 B.R. 854, 858 (Bankr.W.D.Tex. Nov.12, 2005).

In the present case, Spears and his counsel have actively pursued the Defendant personally, and have not simply proceeded on an *in rem* basis. Both client and counsel may be held liable under the court's contempt powers. See, e.g., In re Wallace, 9th Cir., BAP (Nev. 2013) 490 B.R. 890. The discharge injunction prevents collection of prepetition discharged debts. In re Eastlick (2004, B.C. Idaho) 349 B.R. 216. That Spears and his counsel have knowledge of the Defendant's discharge is without dispute: their filing of the adversarial proceeding is clear evidence of the same. See In re Diaz (2006 B.C., Puerto Rico) 357 B.R. 691.

A creditor with a security interest in the discharged debtors' real property was held to have violated the federal discharge injunction set forth in 11 U.S.C. § 524(a)(2) when the creditor filed a foreclosure complaint that expressly requested in its prayer for relief debtors' in personam liability for deficiency in the value of property securing the

debt. *Morales v. Duval Bank (In re Morales)* (2012, B.C. D.C. Puerto Rico) 67 CBC 2d 658.

11 U.S.C. § 105(a) is available to enforce 11 U.S.C. § 524. *Gerrin v. Cadles of Grassy Meadow (In re Gerrin)*(2005 B.C. W.D. Tex.) 337 B.R. 854. Defendant requests that this court provide the following relief:

1. Adjudicate Spears and his counsel, Kevin Burns, in contempt of court;
2. Order Spears and his counsel to reimburse the Defendant for his counsel fees incurred since July 2013 in defending the subject foreclosure and their efforts to render the defendant personally liable for a prepetition debt;
3. Order to compensate the Defendant for all other losses and injuries, including the payment of a per diem of $250 since the date of their filing a renewed motion for foreclosure in the state court on July 11, 2013, to continue until such day as they withdraw the same and render it nugatory and of no further force or effect;
4. Such other and further relief as this Court may deem appropriate.

Defendant,

Joseph S. Elder, Esq.
661 Wethersfield Avenue
Hartford, CT 06114-1928
CT Juris No. 303175
Tel. (860) 296-3247

Fax: (860) 296-9131
jselderesq@msn.com

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Contempt dated April 21, 2014 was served on all counsel of record.

The undersigned certifies that the recipient counsel consents to receive this motion by electronic mail.

The undersigned certifies that a copy of the foregoing was sent to the plaintiff's following counsel of record and the committee electronically, on this 21st day of April, 2014:

Kevin J. Burns, Esq.
Cohen, Burns, Hard & Paul
81 South Main Street, 2nd Floor
West Hartford, CT 06107
Tel. 860-561-1036
Juris No. 402625
kburns@cbhplaw.com

Joseph S. Elder, Esq.
Juris No. 303175
661 Wethersfield Avenue
Hartford, CT 06114
Pro Se
Tel. No. (860) 296-3247
Fax: (860) 296-9131
jselderesq@msn.com