UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT, HARTFORD DIVISION

IN RE:

JOSEPH STEPHEN ELDER
    Debtor

CASE NO: 12-22771
CHAPTER 7

WESLEY SPEARS
    Plaintiff
V.

JOSEPH STEPHEN ELDER
02016
    Defendant

Adversary Proceeding No. 13-

May 9, 2014

## PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiff Wesley Spears, pursuant to Federal Rules of Civil Procedure Rule 56 by virtue of Bankruptcy Rule 7056, hereby moves for summary judgment in the above matter. The matter is assigned for trial to be heard on June 3, 2014. In support of its motion the plaintiff attaches:

1. Plaintiff's affidavit of facts
2. His memorandum of law.
3. Judgment in the matter of *Spears v Elder,* Docket No.: CV-11-6019331-S, Superior Court JD Hartford
4. Judgment in the matter of *Spears v Elder,* Docket No.: CV 06-5004517 S

/s/Kevin J. Burns

Kevin J. Burns, Esq.
COHEN, BURNS & HARD & PAUL
81 South Main Street
West Hartford, CT 06107
(860) 561-1036
Juris #CT 03075
kburns@cbhplaw.com

## CERTIFICATION

A copy of the foregoing was mailed postage prepaid this 7th day of May 2014 to:

Joseph S Elder
180 Sidney Avenue
West Hartford, CT 06117

/s/Kevin J. Burns
Kevin J. Burns, Esq.
COHEN, BURNS & HARD & PAUL
81 South Main Street
West Hartford, CT  06107
(860) 561-1036
Juris #CT 03075
kburns@cbhplaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT, HARTFORD DIVISION

IN RE:

JOSEPH STEPHEN ELDER
    Debtor

CASE NO: 12-22771
CHAPTER 7

WESLEY SPEARS
    Plaintiff
V.

JOSEPH STEPHEN ELDER
    Defendant

Adversary Proceeding No. 13-02016

May 9, 2014

ORDER

The foregoing motion having come before this court pursuant to Federal Rules of Civil Procedure Rule 56 by virtue of Bankruptcy Rule 7056, and having been duly considered by the court, and finding that the movant has proven that there is no genuine dispute as to any material fact that the judgment in the matters of Spears v Elder, 124 Conn. App. 280 (2010) is a debt for willful and malicious injury by the defendant, and that the movant is entitled to judgment as a matter of law, it is thus ORDERED:

That the indebtedness due and owing from the judgment in *Spears v Elder,* Docket No.: CV 06-5004517 S affirmed by *Spears v Elder*, 124 Conn. App. 280 (2010) is hereby ordered to be nondischargeable pursuant to 11 USC Section 523(a)(6).

SO ORDERED

_____
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT, HARTFORD DIVISION

IN RE:

JOSEPH STEPHEN ELDER
Debtor

WESLEY SPEARS
   Plaintiff
V.

JOSEPH STEPHEN ELDER
Defendant

CASE NO: 12-22771
CHAPTER 7

Adversary Proceeding No. 13-02016

September 6, 2013

### AFFIDAVIT OF PLAINTIFF

The undersigned, being duly sworn, deposes and says:

1. That I am over 18 years of age and believe in the obligations of an oath.

2. That I am the plaintiff in the above matter and I am fully familiar with the facts set forth herein.

Wesley Spears (hereafter "Plaintiff") hereby brings a complaint against debtor, Joseph S. Elder (hereafter, "defendant") and states as follows:

3. The defendant is the debtor in this bankruptcy case, having filed a voluntary petition for bankruptcy relief. He is also an attorney licensed to practice in the state and federal courts in the State of Connecticut.

4. Plaintiff is also an attorney licensed to practice in the state and federal courts of the State of Connecticut. He is presently the holder of the subject claim against the defendant.

5. Plaintiff is the holder of a judgment in the original principal amount of $73,000.00 dated March 3, 2009, which has accrued statutory interest pursuant to Connecticut General Statutes Section 37a-3, legal fees pursuant to Connecticut General Statutes Section 49-7 and Section 52-249, plus costs.

6. On June 26, 2004, town of Plainville police officers approached the home of one of the defendant's clients with the intent to execute a search warrant. The warrant was pending, but the police officers prevented the client from entering his home. The client phoned the defendant, who advised him that the officers could not enter the house without a warrant. A struggle ensued, wherein an officer injured his arm. The client then entered the house, and began destroying evidence inside. A supervising officer for the Town of Plainville subsequently dialed the number the client had called and the defendant identified himself as "Wes Spears." Thereafter, the same officer made a subsequent call, requesting to speak to plaintiff and defendant, again, identified himself as plaintiff when the officer asked him by name, at a time the officer advised defendant of both his intention to apply for a warrant to arrest plaintiff and thereafter, file a grievance against plaintiff, and defendant said nothing to correct the officer's misunderstanding.

7. The supervising officer unsuccessfully applied for the arrest warrant but did, under the mistaken belief he was speaking to the plaintiff, filed a grievance against him. As a result, the Statewide Grievance Committee conducted an investigation of the plaintiff.

8. During the course of the grievance, plaintiff, having discovered the phone number called by the officer, dialed it and spoke to a female who stated that she had been receiving a number of calls for the defendant.

9. Plaintiff then asked defendant if he had impersonated him and defendant stated that he had not.

10. Thereafter, in the course of litigation against the Town of Plainville and its officer for the wrongful grievance, plaintiff discovered during a deposition by listening to the recorded phone call that it was indeed, the defendant, who had impersonated him.

11. The plaintiff thereupon filed suit against the defendant, alleging defamation by way of slander and fraud. At trial, the jury awarded the plaintiff a verdict of general damages of $32,000 and punitive damages of $41,000, upon which the court subsequently entered a judgment. Said judgment was affirmed upon appeal by the Appellate Court of the State of Connecticut and certification was denied by the Supreme Court of the State of Connecticut

_____
Wesley S. Spears

Subscribed and sworn to before me this 17th day of September, 2013

_____
Notary Public
My Commission Expires

NOEL MIRAMONTES
My Commission Expires
August 5, 2017

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT, HARTFORD DIVISION

IN RE:

JOSEPH STEPHEN ELDER
    Debtor

CASE NO: 12-22771
CHAPTER 7

WESLEY SPEARS
    Plaintiff
V.

JOSEPH STEPHEN ELDER
02016
    Defendant

Adversary Proceeding No. 13-

September 25, 2013

MEMORANDUM OF LAW

FACTS:

The following facts are undisputed, having been found in the matter of *Spears v. Elder,* 124 Conn. App. 280 (2010). Both the plaintiff, Wesley Spears, and the defendant, Joseph Elder, are attorneys licensed to practice law in the State of Connecticut. On July 26, 2004, two Plainville police officers were securing the residence of defendant's client while an application for a search warrant of such residence was pending. The client called defendant, who advised the client that unless they had the warrant in hand, they could not prevent him from entering his residence. As a result, the client tried to enter the residence and a struggle ensued. One officer was injured. In the residence, a second struggle ensued as client was flushing marijuana down his toilet. He was then arrested. A police sergeant then arrived and, when discovering the above had transpired, confiscated the client's cell phone. When a call came in on the phone the officer answered and, when he identified himself as a

Plainville police officer, the caller abruptly hung up his phone. The next day, the same officer called the number of that incoming call, which happened to be defendant's cell phone and, posing as a prospective client, and asked to whom he was speaking to which defendant replied, "Wes Spears." On August 25, 2004, the officer made another call to defendant's cell phone which was recorded, and the following conversation occurred:

"Defendant: Hello.

"Officer: Attorney Spears.

"Defendant: Who?

"Officer: Attorney Spears?

"Elder: Yes.

"Officer: Hi. It's Sergeant Dean Cyr of the Plainville police. How are you?

"Elder: Good. How are you?

"Officer: Good. I'm conducting an investigation which you're involved in. I kind of need to speak to you, maybe in the next couple of days or so, if you can come down…

"Officer: Well, it's some of the advice you gave your client…and one of the cops ended up getting hurt…Well, I wanted to talk about, you know, your involvement that day. There was a police setup around the house and you told him to go into the house and ignore the police."

The officer, thinking he was speaking to plaintiff, stated that he wanted to apply for an arrest warrant, and if unsuccessful, would file a complaint with the statewide grievance committee. The arrest warrant was denied, and the officer then filed a grievance

against plaintiff. Plaintiff learned of the telephone number used by the officer in his investigation and called the number and a Deborah Pizzonia answered and told him it was a new number for her but she had been receiving calls for defendant. Plaintiff then asked defendant if he had impersonated him and defendant denied it. Plaintiff then brought an action against the officer and the town of Plainville and in the course of discovery, heard the taped conversation transcribed above where the defendant had indeed impersonated plaintiff.

At no time during the course of dealing with the officer or with the plaintiff did the defendant own up to the impersonation or correct either party's misunderstanding of the situation.

Plaintiff then filed the underlying action against the defendant wherein he obtained a verdict on counts of defamation by way of slander and fraud, for $32,000.00 in general damages and $41,000.00 in punitive damages. **_Specifically, the court instructed the jury with respect to punitive damages, such to be awarded only if you find the defendant's conduct willful, wanton or malicious._** The verdict was accepted by the Superior Court over defendant's objection and judgment entered accordingly. This judgment was affirmed by the Appellate Court, Spears v Elder, 124 Conn. App. 280 (2010); cert. denied, 299 Conn. 913 (2010).

Plaintiff contends that on the basis of the above, he is entitled to a judgment to the effect that the indebtedness, including all statutory interest, legal fees and costs

incurred in the enforcement thereof, is non-dischargeable as a matter of law pursuant to 11 U.S.C. Section 523(a)(6).

## BECAUSE THE JURY IN Spears v. Elder, 124 Conn. App. 280 (2010) AWARDED PUNITIVE DAMAGES TO PLAINTIFF, THE ISSUE AS TO WHETHER THE DEFENDANT'S CONDUCT WAS WILLFUL, WANTON AND MALICIOUS HAS BEEN DECIDED

With respect to the enforcement of the doctrine of res adjudicata and/or collateral estoppel, the laws of the jurisdiction of the state apply. *In re Catt,* 368 F.3d. 789 (7th Cir., 2004). The law with regard to these doctrines in Connecticut is as follows:

"§ 27 of the Restatement (Second) of Judgments..., comment (g) addresses the doctrine's application when there has been a prior adjudication involving several issues. "If several issues are litigated in an action, and in a subsequent action between the parties, one of the parties relies on the judgment as conclusive of one of the issues, **that party must show that the issue was determined by the judgment in the prior action.**" (Emphasis added). 1 Restatement (Second), supra, § 27, comment (g), p. 257. Comment (i) precludes collateral estoppel effect when the prior adjudication is based on alternative determinations. "If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." Id., comment (i), p. 259. " *Dowling v. Finley Associates, Inc.,* 248 Conn. 364, 379 (1999).

This court, in denying plaintiff's first motion for summary judgment, relied on this matter for the general proposition "that a general verdict is not entitled to collateral estoppel effect where, as here, there is no way to ascertain the precise basis of the jury's determination in a prior adjudication." While that tenet served to preclude the plaintiff in *Dowling* ( a defendant in prior litigation who received a favorable verdict ) based upon the notion that it was unclear whether the jury's prior verdict was based solely upon liability, or on its statute of limitations defense, it is abundantly clear in the instant matter that, whether the jury found for plaintiff on his fraud count or his defamation by slander count, it could only have found punitive damages if it found the defendant's conduct was willful, wanton or malicious, which is precisely the standard set forth under 11 USC Section 523(a)(6).

"(C )ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. *DeLaurentis v. New Haven*, 220 Conn. 225, 239, 597 A.2d 807 (1991). *Weiss v. Statewide Grievance Committee*, 227 Conn. 802, 818, 633 A.2d 282 (1993). "An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . 1 Restatement (Second), Judgments § 27, comment (d) (1982). An issue is necessarily determined if, in the absence of a

determination of the issue, the judgment could not have been validly rendered. *F. James & G. Hazard*, Civil Procedure (3d Ed. 1985) § 11.19. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. 1 Restatement (Second), [supra, comment (h)]." (Emphasis in original.) *Jackson v. R. G. Whipple, Inc.*, supra, 225 Conn. 714-15. "To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." *Delahunty v. Massachusetts Mutual Life Ins. Co.*, supra, 236 Conn. 600-601.

The plaintiff asks the court to take judicial notice of the matter of *Wesley Spears v Joseph Elder*, CV 06 5005417 S. It is evident that the issue of punitive damages, subject to a finding of willful, wanton or malicious injury, was actually litigated, i.e., raised by the pleadings or otherwise, submitted for determination and determined in plaintiff's favor. In *Spears v Elder*, 124 Conn. App. 280, the defendant indeed had the opportunity to fully and fairly litigate the issues and took full advantage of doing so, having appealed the verdict to the appellate court ( affirmed) and attempting to certify to the Supreme Court (Spears v Elder, 299 Conn 193 (2010)). It is likewise evident that the issue was necessarily determined by virtue of the judgment. A charge the court considered to be so essential to the determination of punitive damages, the finding of willful, wanton or reckless conduct was incorporated into the judgment file itself.

Without such a finding, the jury was not empowered to order punitive damages yet it saw fit to award such damages in excess of general damages.

Thus, while the general verdict rule relied upon at the Appellate level blurs the distinction as to whether the jury's verdict was founded upon fraud versus defamation by slander, it does not create any ambiguity as to whether the jury made a finding that the defendant's conduct was willful, wanton and malicious as it necessarily did by virtue of its awarding punitive damages to the plaintiff. 1

## THE LEGAL STANDARD FOR "WILLFUL, WANTON AND MALICIOUS" CONDUCT UNDER STATE LAW MEETS THE LEGAL STANDARD FOR "WILLFUL AND MALICIOUS INJURY" UNDER FEDERAL BANKRUPTCY LAW

For a finding of willful and malicious injury under federal law, as well as for a finding of willful, wanton or malicious injury under state law, it is necessary that the finder of fact determine that, not only was the act complained above intentional, but also the injurious effect emanating from such act was intentional. It is an exacting standard by which the jury in *Spears v Elder*, 124 Conn. App. 280 was bound in making its award of punitive damages. Having done so, the defendant herein is therefore bound, under the doctrine of collateral estoppel, by that determination. Accordingly, plaintiff is entitled to judgment in his favor under 11 USC 523(a)(6).

The Supreme Court addressed the issue of the willfulness prong in the matter of *Kawaauhau v Geiger*, 523 U.S. 57 (1998):

---

1 In his defense, defendant alleges that the underlying judgment of fraud and defamation recited in paragraph 11 of the complaint is the subject of an appeal currently pending before the State of Connecticut appellate court is patently and obviously untrue. The appeal of that judgment has been resolved in the case of *Spears v Elder*, 124 Conn. App. 280, (2010); cert denied, *Spears v Elder* 299 Conn. 913 (2010)

"We confront this pivotal question concerning the scope of the "willful and malicious injury" exception: Does § 523(a)(6)'s compass cover acts, done intentionally that cause injury (as the Kawaauhaus urge), or only acts done with the actual intent to cause injury (as the Eighth Circuit ruled)? The words of the statute strongly support the Eighth Circuit's reading.

"The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964) (emphasis added). *Kaawauhau*, pp 61-62.

An injury is malicious pursuant to 11 USC Section 523(a)(6) when it is, "...(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) which is done without just cause or excuse." *In re Jercich*, 238 F.3d 1202 at p. 1209. (9th Cir. 2001). In the matter of *In re Sicroff*, 401 F.3d 1101 (9th Cir 2005), the court applied this standard to find that libelous statements made by the debtor therein were malicious and met all four prongs of the standard.

By way of comparison, the legal standard under Connecticut law is set forth as follows:

"In order to establish that the defendant's conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of

one's acts . . . [Such conduct] is more than negligence, more than gross negligence . . . [I]n order to infer it, there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." *Martin v. Brady,* 261 Conn. 372, 379-80, *Shay v. Rossi,* supra, 253 Conn. 134, 170-72. (2000). "Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances . . ." *Quimby v. Kimberly Clark Corporation*, 28 Conn.App. 660, 667 (1992).

This being the case, it is necessary that the jury in *Spears v Elder*, 124 Conn. App. 280 found that the actions had the intended injurious consequences to the plaintiff, for which reason it awarded punitive damages. Indisputably the act was wrongful (impersonation) and inexcusable. Accordingly, the issue that the actions of the defendant herein are willful, wanton and malicious has been decided, despite the fact that the jury's verdict was upheld on the general verdict rule. Therefore, the underlying judgment is a debt nondischargeable because it is for willful and malicious injury by the debtor to the plaintiff.

## STANDARD FOR SUMMARY JUDGMENT

Bankruptcy Rule 7056 adopts the provisions of Federal Rules of Civil Procedure Rule 56, which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The rule further provides that, "A party asserting that a

fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Generally, the burden is on the moving party to demonstrate that there are no issues of fact and that disposition of the case hinges on issues of law. *In re Tilbury*, 74 B.R. 73, 76 (BAP 9th Cir. 1987). Moreover, this court must view the evidence and all reasonable inferences therefrom in a light most favorable to the non-moving party. *In re Zupaneic*, 38 B.R. 754, 757 (BAP 9th Cir. 1984). Plaintiff submits that, with respect to the count under 11 USC Section 523(a)(6), he has met his burden and even viewing all the facts and reasonable inferences therefrom in a light most favorable to the defendant, he is entitled to judgment as a matter of law. Not only has the matter been decided at the lower court, where the jury saw fit not only to award general damages but also, punitive damages in plaintiff's favor, which again establish a finding of willful, wanton and malicious conduct the facts found in said case as well as averred in plaintiff's affidavit demonstrate that defendant's actions were wrongful, they were intentional, and that he had complete knowledge of the adverse consequences to be faced by plaintiff and did nothing to mitigate those consequences despite the fact that he had the power to do so by owning up to the truth.

RESPECTFULLY SUBMITTED
WESLEY SPEARS, PLAINTIFF

/s/Kevin J. Burns
Kevin J. Burns, Esq.
COHEN, BURNS & HARD & PAUL
81 South Main Street
West Hartford, CT 06107
(860) 561-1036
Juris #CT 03075
kburns@cbhplaw.com

DOCKET NO: HHDCV116019331S　　　　SUPERIOR COURT　　ORDER  427016

SPEARS, WESLEY
V.　　　　　　　　　　　　　　　　JUDICIAL DISTRICT OF HARTFORD
ELDER, JOSEPH　　　　　　　　　　AT HARTFORD

　　　　　　　　　　　　　　　　　8/6/2013

<u>ORDER</u>

ORDER REGARDING:
07/11/2013 166.00 MOTION TO RESET LAW DAYS AFTER FILING OF A BANKRUPTCY PETITION (CGS 49-15)

The foregoing, having been considered by the Court, is hereby:

ORDER:

Judgment of Strict Foreclosure opened and converted to Foreclosure by sale.
Judgment of Foreclosure by Sale M#166.00
Debt: $106,744.99
Fair Market Value:$205,000.00
Counsel Fees: $19,620.00 (total to date)
Plaintiff's Appraisal Fee: $700.00 (total to date)
Title Search Fee: $225.00
Sale Date: Saturday, 11/02/2013 at 12:00 noon
Publication: 10/20/2013 and 10/27/2013 in the Hartford Courant, as well as the Judicial Branch website.
Deposit: $20,500.00. Deposit to be paid by bank or certified check only.
Sign Date: 10/07/2013
Return of Appraiser: 10/21/2013
No Fees or Expenses to be incurred prior to: 09/28/2013
Property Address: 180 Sidney Avenue, West Hartford, CT 06110.
Appraiser:Brian Camilleri,39 Longview Drive, Simsbury, CT 06070

Committee:Pamela Hershinson,Esq., 65 Lasalle Road, Suite 309, West Hartford, CT 06107
To Committee:
Committee must notify appraiser of any changes to this order. Effective 01/2012, the Committee must efile an Appearance (JD-CL-12) in this case. Please note that the Court will not allow any advertising expense in excess of $1,431.00, the minimum amount the Hartford Courant charges for two ads. Pictures, terms of sale and other details should be posted on the Judicial Branch Foreclosure website at no cost. The Committee is ordered to place a photograph of the property in both the newspaper and on the Judicial Branch website. With regard to Approval of Sale and Deed, Committee must adhere to guidelines for appropriate Standing Orders and forms at: http://www.jud.ct.gov/external/super/foreclosurebysale.htm
Deposit not required if plaintiff is the successful bidder.
Sign cost is not to exceed $175.00, including installation.
Court appointed appraiser fee is not to exceed $275.00 for residential appraisals. Effective 01/2012, the Oath of Appraiser must be efiled by the Committee. Effective 12/2011, the court approved rate for Committee is $200.00 per hour. The Committee must submit hourly breakdown of time spent for approval of fees.

427016

Judge: ROBERT F VACCHELLI
Processed by: rb/tac

## STATE OF CONNECTICUT

| | | |
|---|---|---|
| DOCKET NO. 06-5004517 | : | SUPERIOR COURT |
| WESLEY S. SPEARS<br>PO Box 330872<br>West Hartford, CT 06113 | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| JOSEPH S. ELDER<br>661 Wethersfield Avenue<br>Hartford, CT 06114 | : | MARCH 3, 2009 |

Present: The Hon. Nina F. Elgo, Judge

### JUDGMENT

This action, by way of an application for prejudgment remedy, came to this Court on June 16, 2006; thence to October 8, 2008, when the parties appeared and were at issue, as on file, and when all the evidence having been submitted, the court thereupon committed the action to the jury, which returned its verdict as follows:

Plaintiff's Verdict

In this case the Jury finds the issues for the Plaintiff, Wesley Spears, as against the Defendant, Joseph Elder, and awards the following damages:

1.   General Damages       $32,000

2.   Special Damages       $0.00

3.   Punitive Damages*     $41,000
     *only if you find the defendant's conduct willful, wanton or malicious

4.   Total Damages         $73,000

150.00
KP